Our next case is 4-14-0613, Richter v. Prairie Farms Dairy, Inc. Attorney Marks is here on behalf of the appellant, and Attorney Shoemaker is here on behalf of the appellee. Mr. Marks, you may proceed. Thank you. May it please the Court, Counsel. We're before the Court today on whether a 6-15 motion, based on a form of a complaint, specifically for lack of specificity in pleading fraud, should be treated as a 6-19 motion. Now, Prairie Farms would argue that it should be. The state of the law, as the Richters argue, say it is not. Now, there are two issues on appeal today. Whether this case is res judicata and whether it is barred by the statute of limitations. I will address each in turn. Now, the Court may remember that when we were below, this matter is about Prairie Farms' alleged termination of the Richters from the cooperative after 25 years of service as dairy farmers by tender of a $15 check. But we're here today on this issue of res judicata and of statute of limitations. Here there is simply no final order adjudicating the case on its merits. So it cannot be res judicata. It is not barred by a prior judgment. There are three elements to res judicata. I will address one, and that is the element of a final judgment on the pleadings. A final judgment on the merits by a court of competent jurisdiction. The other two elements, identity of causes of action and identity of parties and privies, is not addressed on this appeal. Now, this case began in 2006 in Madison County with different lawyers for the plaintiffs. Now, a 2007 motion to dismiss by the defendant under 615 is very important, and I'm going to address that in detail. Now, we'll jump up to 2011 when the plaintiffs changed lawyers, and then ultimately in 2012 when this case was voluntarily dismissed. The case was refiled in Madison County in 2013 in a timely manner and transferred to Macoupin County where it was incorrectly dismissed as barred by res judicata and limitations. Can I ask you a question, Mr. Marks? Yes, ma'am. When the case was refiled, the plaintiffs named the Board of Directors as a nominal defendant and this other person, Edward Mullins. Was Prairie Farms Dairy Inc. the only entity that was served with process? I think that at least Mr. Mullins was served with process, if I remember right. I don't know if the other directors were. I couldn't find it in the record. I'm not 100 percent on that one. Was it necessary to name the Board of Directors and Mr. Mullins? It was the Richter's contention that there was an ongoing harm caused by Prairie Farms in that they have taken the position that they have not been removed or terminated from the membership in the cooperative, although Prairie Farms takes that position. And so as an ongoing harm, they have alleged that they continue to be harmed by Prairie Farms. Okay, but what does that have to do with naming the Board of Directors? Isn't it sufficient just to sue the corporation? That's what I'm getting at. I think the clear answer is that they prefer to sue both. The clear answer is what, sir? They prefer to sue both and thought they needed to. Okay, so you're not sure if that service was ever effected on anybody other than Prairie Farms Dairy Inc.? No, ma'am. Okay. But I want to get back to 2615. If we look to that 2007 order dismissal at Appendix 2, we see that Prairie Farms' motion to dismiss as to Count 1, which is the shareholder count, shareholder statutory remedy, was denied by the trial court. But Counts 2 and 3 on fraud counts were dismissed, but they were dismissed with a caveat, that being leave to replead was given. More time was given to replead, and implicitly that ruling was without prejudice. Now, within that time period, the plaintiffs needed more time apparently, and so they moved for additional time, where again, about a month later, the court issued an order, which you can see at Appendix 3, which gives them 120 days to replead. It appears, though, that no amendment did occur. Instead, extensive discovery occurred, and motion practice primarily by Prairie Farms occurred. The Richters rely on the Hernandez case for the rule of law that says that for an order to be final, it must absolutely and finally fix the rights of the parties. That's an order for it to be a final judgment. That's paragraph 47 from Hernandez. If we look to those orders from the trial court, Appendix 2 and 3, they did not do that. They did not close off a portion of the case from being able to be argued at some point in time in the future. If we look to the Smith case, the grant of a 2-6-15 motion does not have the effect of a final disposition of a case when coupled with leave to amend or making the dismissal without prejudice. Now, the Richters also rely on that Hernandez case for the proposition that all non-final orders don't become final upon the voluntary dismissal of the case. With interlocutory orders, such as we have here, the trial court retained jurisdiction to correct or modify its orders at any time. Now, as an example for this, we might go to the Richardson opinion. For the general proposition that, for the time allowed for the amendment of a complaint, after dismissal expires without that amendment, the trial court retains jurisdiction, thus preventing operation of the dismissal order as a final judgment. And so here we do not have residue time. Now, if we look to the dismissal of the case at Appendix 4, that order, too, indicates that the dismissal is without prejudice. Now, there was some thought there and some authority behind it that this case would return to the trial court. And as the Hernandez opinion indicates, upon dismissal of the case, non-final orders don't convert to be final orders. And that final order, under 1009, was not final and was not appealed. So in regard to finality, before I move on to the other topic, the other prong under this element, in regard to finality, without a final order on the fraud counts, this case cannot be residue to cover. We look to those four orders. What's the effect of the trial court's granting of 30 days to refile and then extending that to 120 days? Does it make any difference? Well, it does, Your Honor, but if we look to the law on that subject, the court could make whatever decision it wanted to. It retains that authority to modify that order at any time. And I'm not sure if I'm answering your question. Is there a follow-up? Well, it seems to me, under your argument, the fact the trial court dismissed without prejudice but gave a certain amount of time in which the amended complaint was to be refiled, you're rendering that particular part of the order meaningless. What's your response? The court would have authority to enforce that order. The party on the other side would have authority to ask for a subsequent motion to dismiss to make sure that that order is what it is, that it is final. They have the burden to show that this case is residue to cover. They have not done that. They could have moved again for dismissal. They could have asked for the court to enter a final order on that because of the failure for the plaintiffs to file an amended complaint. They did not. And we don't look so much, from what I read of the law, at the conduct of the party. We look to what the authority of the court is in determining whether there is finality. Did you ever elect to stand on the dismissed complaint? Your Honor, there is nothing in the record that affirmatively shows that the plaintiffs elected to stand on the complaint. So the situation is simply that the complaint, there was not a subsequently filed amended complaint? Yes, sir. Also, there was some question about latches that the defendants raised. The defendants raised it, but it was never ruled on by the trial court. When they raised it below, what does the record show about the discussion on that? The only record that I saw on it was at the Macoupin County Court where it was raised. What did the judge say? He did not. Didn't address it at all? I don't recall any comment on the latches. There's nothing on the record about that? No, sir. So there's still a pending motion at the point of the trial court? No, sir. What is our argument is that the orders issued in the Madison County Court are not final and appealable orders such that res judicata would apply. Okay, I understand that. To get back to Justice Stein's question about the latches, where are we on the latches issue? Not at all. We're not at all. It wasn't ruled on by Judge Laundervin in Macoupin County. Was it raised in a filing? It was, Your Honor. It was mentioned in the Curry Farms brief. So that doesn't have any effect on our jurisdiction? I don't think so, Your Honor. What we're here on is a 619 motion brought by Curry Farms in Macoupin County. I understand that. Okay, well let's talk about the Macoupin County order dismissal. Did the trial court in Macoupin County have discretion to grant the motion to dismiss? Assuming that it was right as a matter of the law on these two issues. Well, here's my question. Suppose the Macoupin County judge looked at the history of this case, saw that the original trial court in the cause gave 30 days to file a minute complaint, and then extended it for another 120 days and then saw this lapse of time up until the case landed in his lap in Macoupin County. Why couldn't he just say, in my discretion, I'm dismissing this because of what the original trial court said and what the plaintiff failed to do in response to what the original trial court ordered? I don't understand what basis he would have used other than what's on the record, and that would be res judicata and limitations. The basis would be that the initial trial court had the discretion to allow a minute complaint to be filed past the 30 days and past the 120 days. Hence, couldn't the trial court in Macoupin County say, because of the original trial court's discretion, my discretion is basically substituted for his, and the rationale would be you had your shot at it. You failed to amend, and therefore, under the discretion I'm giving as the new judge, I'm dismissing this case. I just didn't see where that occurred, Your Honor. Could have it occurred? I suspect so, but not without a rational basis at law, or excuse me, not without a basis at law, and that was surely on his decision. Can you affirm on any basis in the record? Yes, sir. Well, are you conceding that then? No, I'm conceding that the rule of law is that this court may affirm on any basis given in the record. Well, had the trial court, instead of using the term res judicata as a basis for dismissing, simply said, I'm using my discretion here in dismissing this based upon the history of this case, and then that would be a reason why this court could affirm, according to what it sounds like you're arguing. That could have been, but that's not what occurred here. What the trial court did in its ruling But it's a basis in the record. But it's not what the judge said. The judge says he was doing it based on res judicata and limitations. I understand that. Okay. I also want to point out that this case was not an adjudication on the merits under that element. We talked about finality, and I want to talk briefly about not an adjudication on merits as a matter of law. Rule 273 says that involuntary dismissals operate as an adjudication on the merits, except where the order otherwise indicates. And here the order otherwise indicates. Leave is granted to replete.  Please recall that Prefarm's motion was under 615 as to the form of the complaint, not to its substance. Hernandez speaks to the otherwise specified language when leave to file an amended complaint language was present. Here it's so too. Now in the De Luna case, the words without prejudice or with leave to refile, in any order signals that the cert court's intention is to allow a plaintiff to refile an action. This court in 2009, in Curtis v. Loewy, did that type of analysis. It decided by looking at the trial court's orders what the intent of the trial court was. We ask that they do that here too. Would you do that here too? I'd briefly point out that Prefarms will rely on the Hudson opinion, and that would be incorrect. In brief, there is 2619 motion, based on an affirmative defense of governmental immunity led to the dismissal of negligence counts without leave to amend. The case proceeded on willful and wanton counts against that municipality. Now the Hudson court ruled that a 619 motion, which barred certain counts for governmental immunity, is not a final order adjudicated on the merits. But here we don't have that. We have a 615 motion, based on fault in pleading enough facts to complain of fraud. As such, there's no final order adjudicated on the merits. Similar with the Ryan opinion. It's a 2619 motion, based on a limitations period. If we look at the Jackson opinion, which more closely parallels this case, it recognized that where a plaintiff was granted leave to file an amended complaint, but has not yet filed an amended complaint, he retains the ability to voluntarily dismiss the whole suit without reaching a final judgment on the merits for purposes of res judicata. Now the burden, as I mentioned before, falls on Curry Farms to show that res judicata applies. It's our contention that they respectfully have not done so. They have cited two 619 cases and the 615 cases expressly dismissed with prejudice. That's not what we have here. Cases I cited too. Brainerd, Scott, Wilcox. All cases dismissed with prejudice. Not cases with leave to replead, such as the Jackson case. The Richter's, on this point, asks for the cause to be remanded as not being res judicata. There is another point on appeal, Your Honors, and that's under the limitations. The Richter's 2013 complaint is not time barred because the saving statute saves this cause of action. That's section 13-217. And that section provides that a plaintiff may refile within a year after a dismissal order, regardless of the fact that the limitations may run during that time. The 2006 complaint and the 2013 complaint. I'm going to talk about those for just a moment. Account one under both complaints, shareholder remedies under the statute. Hopefully there's no question that that refiling is not barred by limitations. Account two and three under both complaints are essentially fraud accounts. In the 2006 complaint, account two, statutory fraud. Account three, common law fraud. Similarly in the 2013 complaint, account two is misrepresentation. Account three is common law fraud again. Account four is the only new account in the 2013 complaint. That's for breach of fiduciary duty. The Richter's alleged that that's closely related to transaction or occurrence such that it is related. What do they say? They say that merely the directors of Prairie Farms breached their statute, breached their fiduciary duty when they undervalued their shares and didn't go through the right procedures in valuing those shares. It's so closely related that it's our contention that it should still be a law, so to speak. We cite to the Apollo opinion. It says that even those accounts subject to limitations barred are considered timely even after the fact. And there, there was an unjust enrichment account. They got put into a subsequent complaint. It wasn't in the first case. Now as it came to the Apollo court, all those other accounts were dismissed except for that brand new one. And the ruling there was not time barred. It's not beyond the limitation period according to the Apollo court. It was related to the initial suit. Counsel, it looks like you're out of time.  Thank you, Your Honor. Mr. Shoemaker. May it please the court. Counsel. I have the pleasure of representing Prairie Farms Dairy today before the court. And I am going to ask this court to reaffirm the June 2nd, 2014 order of the trial court in this manner. This case involves the plaintiff's inability to understand and grasp what Rule 273 does. You cannot file a lawsuit, have various counts in that lawsuit dismissed with leave to amend, and then ignore the court's directive with leave to amend. Obviously that phrase means something and ends something. If it didn't end something or cut off a right after your time runs, then why would plaintiffs file a motion for an extension of time to file a leave to amend after their initial 30 days ran? In this case, the plaintiffs stood on their pleadings. Plaintiff's counsel suggests that I, as the defendant, should file a motion to dismiss a count that isn't in the complaint. Well, the plaintiffs never filed a document saying they're standing on their pleadings. Your argument is they stood on their pleadings because of their failure to take further action? Absolutely, Your Honor. That's the case law. The case law is if you have a multi-count complaint, some of your counts are dismissed, and you decide to dismiss your other counts, which has happened, and take the ones that were dismissed up on appeal, the involuntary dismissals up on appeal, you're standing on your pleading. And that's exactly what they did here. Well, they never appealed anything. They just were given leave to amend and didn't take advantage of it. Which, that's exactly correct. Well, at what point after leave to amend is granted is the delay in complying? Does the delay in complying constitute the effect of standing on the pleading? Absolutely. At what point? How do we know? After the time requested and granted by the court to file a leave to amend a complaint. If I go to the court and I... That is run? Well, the reason I ask, counsel, is 14 years ago I wrote the decision for this court holding just that, which the Supreme Court of Illinois in Smith emphatically rejected and overruled. I remember the case very well where leave was granted by the trial court to file an amended complaint. They failed to do so. And the procedural context was such that the argument was made that, therefore, that effectively amounted to a dismissal because leave to amend wasn't chosen, wasn't effectuated. And I bought it, essentially the same argument you're now making now. And I've been reversed by the Supreme Court of Illinois in other instances, but that one remains with me singularly because Justice Freedman didn't quite put it like Steigman, what kind of dumb ruling was that that you were thinking of because that was not the basis for a decision. And he and the Supreme Court explicitly rejected this notion, as far as I can recall, my understanding of it, that a delay in filing a motion to amend or filing an amended pleading, after you've been given time to do it, constitutes what you're arguing now, and that is, in effect, standing on it and constitutes a dismissal. Am I mistaken that searing memory, as John Kerry put it, in my recollection of this case? Well, Your Honor is obviously much more personally familiar with the case than I am. Oh, yes. Because you obviously remember it well. But I think that if you read Hudson and you read – Are those decisions of the Supreme Court of Illinois? Hudson is. What does it say? Does it cite Smith on this point? I do not believe it does, Your Honor. Well, Hudson didn't deal with – that was where you dismissed some counts and appealed on others? That's correct. Smith is on all – I'd say four, but that wouldn't be correct – all five points with this case. There were no counts dismissed and dealt with in Hudson. The Smith case was one precisely like what happened here. Well, Your Honor, I don't believe that's totally correct. I'm not going to tell the court the court's wrong, but I think the case is distinguishable. What the plaintiff is arguing is that I can file a multi-count complaint, I can let the court dismiss fraud and misrepresentation, and then I cannot raise them for six years, and discovery can be conducted on the only remaining count, shareholder remedies. During that six years, plaintiff's counsel said extensive discovery was conducted. It was by the defendant in this case. Fortunately, the reason this case was dismissed was because the plaintiff's got in a box on their expert disclosures, and they took a voluntary dismissal rather than try to go to trial without any experts. Counsel – I'm getting my point. I understand. I'm getting my point. But my point is, going back to the first question I asked you, at what point does a failure to amend the complaint constitute standing on it? That was the same issue in Smith. When that Madison County Court dismissed the original, what I call Richter 1, lawsuit under 273, that became a final appealable order that day. They had 30 days to take that up at that point in time. I'm not saying it became a final appealable order 30 days after he dismissed, but gave leave to amend, or 120 days after the motion for extension of time. I'm saying that in 2012, when they took the involuntary dismissal of count 1, which was the sole remaining count, that's when that rule came through. Involuntary dismissal or the voluntary? Well, I'm sorry. I apologize. They took a voluntary dismissal. I apologize. It's a big difference. There is a big difference. I agree. I misspoke. They took a voluntary dismissal. At that point in time, everything in that case became appealable, all the prior rulings. And under Ryan and Hudson, those prior dismissed counts and the application of 273 made them final and appealable. They didn't do anything about it. They waited a year and then refiled their action. I think they clearly stood on the prior rulings, Judge, because otherwise it would allow them to do what they did here. I'm not going to follow up on a lawsuit for seven years. Then I'm going to dismiss. Well, you could have, as counsel pointed out, if you thought this was bad. I mean, we have lots of situations, counsel, where the court sets deadlines and nothing happens. There's deadlines in the statute. So if a guy is given, if he's served with a summons and he fails to appear, what do you have to do? You have to make a motion for default. No doubt about it, Your Honor. Okay. And if he's been given time to amend a complaint and he doesn't do it, what do you do? Motion to dismiss. Judge, there's nothing to dismiss. No, no, there is. There's still a live proceeding here. The Smith case made it clear that there's plenty to dismiss. Your Honor. There's still a pending. The plaintiff has the opportunity, when there's a motion or an order entered dismissing with leave to refile, to refile. Now, the court set a deadline, but that's like all kinds of deadlines. It's not, as the Smith case held, that doesn't mean the case is over when that deadline's been reached. What you need to do, if you feel yourself aggrieved by this, is ask for authority to kill this case, to change the order from dismissal with leave to refile to dismissal with prejudice, because he hasn't done anything. You could have done that, couldn't you? Well, Your Honor, I've been doing this for 25 years, and I've never heard of such pleading, and I certainly haven't ever seen such a pleading in the rule books. A motion to dismiss a claim that I, quite frankly, think is not even pending. Well, most defendants are just happy if this case never gets refiled, because maybe it would be latches, which, by the way, we apparently never got a ruling on by the trial court. I'm not sure I agree with that, Judge. I argue that. What did the court say about your latches argument? The court's order does not specifically address the latches argument. However, I agree. Then we have no ruling, do we? Well, you have de novo jurisdiction here, Your Honor. The file clearly supports an extreme case of ignoring the rules of law and not pushing their claim. Was there a court reporter present for the hearing on the motion to dismiss? No, Your Honor. Okay. So did you argue latches in the trial court? It was argued. It was presented in the brief. Well, I know it was presented in the brief, but did you raise it to the trial judge? Yes, it was one of the points we argued. And he didn't rule on that. He ruled instead that statute of limitations part of it. He ruled that the 26194 and 26195 barred plaintiff's cause of action. He did not reach the latches argument, I assume, based on his brief. Well, you're right that we can't affirm on any ground shown on the record. The difficulty with latches, though, is, as the courts have said, this is a doctrine which depends on the facts and circumstances of each case and avows the sound discretion of the trial court. This is one of those doctrines where I'm very hesitant as an appellate judge to decide latches applies. I don't want to hear what the trial judge had to say. And had the trial judge addressed it specifically and made his findings, in this case, about how latches would be appropriate, I think that's something which would be entirely viewed differentially by all of us. But when we don't have latches addressed by the trial court, it strikes me as a doctrine which is singularly difficult to be addressed for the first time on appeal by the appellate court. And I know anything is shown by the record, but it may be that the trial court didn't address latches because the trial court didn't think latches would apply. And we're, in effect, exercising our discretion when the trial court was the one. This is one of those things, and we have a lot of experience as trial practitioners and trial judges, and this is one of those things, quoting Potter Stewart, and obscenity, I can't define it, but I know it when I see it. And latches is one of those things where you know it when you see it, and each case is different. And that's why I'm troubled a bit, counsel, that we don't have the trial court having weighed in on this subject before we would be asked to do so. I understand, Your Honor, but I didn't write the order. Well, it may be that the court didn't like the latches argument. It may well be that he didn't feel it was necessary to reach it because the other items disposed of it, and appropriately disposed of it. You were the lawyer of Terry Thompson, the lawyer. The entire case, Your Honor. Was the Board of Directors or Edward Mullins ever served? No. Not only that, but Edward Mullins' name never even appears in the pleadings. Right. Well, I mean, I noticed on your motions to dismiss, all you say is you're appearing on behalf of Terry Thompson. That's correct. Nobody ever appears on behalf of the other people, and I couldn't find any service in the record on him. That's right, Your Honor. I mean, there was absolutely no reason whatsoever to name an individual member of the Board of Directors, and there were no pleadings supporting the naming of the individual member of the Board of Directors. You know, adding Edward Mullins' name in here does nothing whatsoever. They're not seeking any, quote, injunctive relief going forward, and furthermore, I'm not sure that you would seek it against individual board members as opposed to the corporation anyway. Your Honors, I understand what you're saying with regard to the potential for me to file or for a defendant in a case to file a motion to, quote, dispose of the case with finality, but I think that what that does is shift the burden onto the defendant inappropriately. In this matter, the plaintiff was asked for and received 30 days to file an amended complaint. They failed to do so. They failed to obey the court order. But what they want to do is then impose the burden on me to do something about their failure to do something. I think what they're saying is, therefore, I mean, because they were allowed to replead, it was not a final order. That's all. But I think that once the judge puts a deadline on it, and that deadline passes, and I take the election, and then I later dismiss my sole remaining count, that I am giving up on those claims. But that's an inference as opposed to something specific or changing the court's order. I mean, you know, when you talk about deadlines, it's like a plaintiff sues somebody, I mean, we've had a lot of cases like this recently where the defendant asks for time to answer, is given 30 or 60 days extra, and then does nothing. Well, that's at their own peril as far as I'm concerned. Well, okay, but what happens? Well, you have to step up if you're the plaintiff and seek a default judgment, and then you have to seek damages on that. You can't just let the matter sit and say, well, I'm not under any obligation to do anything. Well, yes, you are. Well, but, Your Honor, what you're saying essentially is that I have a duty to file something on counts that, quite frankly, in the practice law, no longer lie. No, here's the point I'm making. If you want to change the court's order of dismissal from an order with leave to amend to an order of dismissal with prejudice, I think the ball's in your court. But, Your Honor, I don't think 273 requires that. Didn't the court come right out and say that to Smith? What? I thought the court came right out and said that to Smith. Your Honor, I don't believe that. And I might have the case wrong, but I'm pretty sure it was Smith. It was the Supreme Court saying, basically, if you want to assure that you've got a final dismissal, and it was with leave to re-plead and nobody does anything, then the burden is on you to come in and get a final dismissal of the case. Not the counts that aren't pending anymore, but of the case. Your Honor, I read Smith to say that a trial court's grant of a defendant's 2615 motion would be considered to be with prejudice after the expiration of the permitted leave period for amendment. Okay. And then have you looked at Apollo Real Estate v. Galbraith? Yes, I have. There's a couple points on Apollo. The plaintiff in that case voluntarily dismissed their case 55 days after the order was entered dismissing their complaint. In this case, they voluntarily dismissed 1,806 days after the involuntary dismissal of their pleadings. Now, there's also, in Galbraith, they stated that the involuntary dismissal order specifically stated that it was, quote, without prejudice. There is nothing in the 2007 orders that says these are without prejudice. Well, when you dismiss a case with leave to amend, that is without prejudice. Well, is it? What do the words 30 days mean then, or 120 days mean? The court is trying to manage its docket. It wants to get the amended pleading on file so that the case can move along. The case did move along. The plaintiff abandoned their claims for the next five years. But let's say we rule in favor of the plaintiffs, and you have to go back. Can you make a motion based on laches at that time, or no? Are you barred from doing that? I would obviously do so. I just – You never got a ruling on your way. I think basically, I think the reasoning was exactly what I said earlier. The trial court reviewed everything we filed, reviewed all the case law, and made a reasoned determination that I would ask this court to uphold. This case has gone on for eight years. The whole reason behind these rules is to stop harassing litigation. We don't have a case here where the plaintiff says this isn't fair and this isn't just. Having Prairie Farms Dairy defend this case for over a decade certainly is not fair and just when you have plaintiffs who don't do anything but complain about what the defendant doesn't do. Thank you for your time. Well, just a second. That would go to your laches argument, though, what you just stated, right? In part. It also goes to the argument that when they voluntarily dismissed their case in 2012, they abandoned all the stuff that they failed to do before then. Right. Now, just to clarify your response to Justice Pope's question, suppose you were not to prevail today. Are you still going to and will you be allowed to, if you know, to raise your laches argument on remand? I don't know how I could be barred from doing it as I stand here before you today, but clearly I would raise it and ask the court to address the issue. However, I still think it's appropriate for this court. You're going to de novo review. I mean, you have the file in front of you, the same thing that the judge would have in front of you. Thank you, Your Honor. I appreciate your time. Mr. Marks, rebuttal. Thank you, Your Honor. Your Honor, a pleading may be amended up until the time of trial, so long as there is not prejudice to the other side. I don't say that flippantly. I say that as a rule of law that is applicable here. And that could have happened at any point in time, especially with new counsel coming into the case. If we look to res judicata, it doesn't apply here. One portion of this case was not closed off from being able to be addressed. Counsel indicated that the case was dismissed in 2011 voluntarily when deadlines were being run up against. It's respectfully submitted that there are other remedies for that type of conduct other than dismissal of the entire case with prejudice. Counsel also indicated that when a case is voluntarily dismissed, that all rulings become final and appealable. That's just wrong as a rule of law. The Hernandez case points that out as based on the Hudson case, because Hudson says it, too. All non-final orders do not become final and appealable at the time of voluntary dismissal of the case. What about the argument Mr. Shoemaker makes with emphasis about this case is dragged on and on and on? Isn't he right? Why should this case be sent back for more stuff when it was initiated eight years ago? Mr. Shoemaker also said that it was defendant Perry Farms doing most of the discovery. Doing the what? Doing most of the discovery. Okay. It takes two to tango. And if they're pushing the discovery, it takes some time. Well, what he's arguing, in effect, that the plaintiff hasn't done anything to push this case along and to resolve it and it's become a point of harassment. They might be doing discovery, but what is the plaintiff doing to get this case resolved and pushed and taken care of? This is in Cook County. We don't have five, eight-year delays. This is Macoupin County. What's going on? Judge, if you look to the docket entries of the circuit court from 2006 onward, which was done by Judge Laundergan in Macoupin County, which is of record, you can see all of the activity that occurred, and it was plentiful during those time periods. There's not big gaps. Rule 273 doesn't operate as suggested by Perry Farms. Justice Popax asked a question about whether without prejudice or with leave to amend means the same thing. Of course it does. If we look to the DeLuna opinion, it's right there. Well, again, if I accept that, I'm basically accepting the argument that the 30 days in which to read clean is meaningless. It seems to me. Counsel has pointed out that is the prejudice. You can amend, but you've got a time limit. It's not meaningless, and there are certainly consequences that can befall a party. Okay, well, how about this? Suppose you waited, you got 30 days, you got 120 days extension, and then three or four months later, after that, you go in and amend. He's going to file a motion to dismiss based upon your failure to amend within the time period. He could have done that, and that would have been up to the discretion. And I have a feeling the judge would, and of course this is a guess, probably exercise its discretion to say you blew it, counsel. There's the possibility. Or you blew it plain that you didn't amend within the time period I gave you, even after I extended it. As a practical matter, there's the possibility of that. Okay, so then the follow-up is the way you're asking this court to rule, you have flipped the burden over to him, as he suggested. No, Your Honor. What I'm saying is that that court's order is not final. It's a matter of law. As such, he cannot be arrested. But how does that not flip the burden over to the defendant? Well, I think that it would flip the burden over to the defendant to show that there was a final order of dismissal with prejudice. We don't have that here. I have just a couple of points, Your Honor. Oh, sorry. You're out of time, Ms. Banks. But we'll take this matter under advisement and be in recess. Thank you.  Thank you. Thank you, Your Honor.